WHITE (UNITED STATES v.). See Cases Nos. 16,673–16,686.

---

## Case No. 17,559.

### WHITE v. VERMONT & M. R. CO.

[21 Law Rep. 469.]

Circuit Court, D. Massachusetts. Dec., 1858.[1]

CIRCUIT COURT — JURISDICTION — ACTION BY ASSIGNEE OF BOND.

1. Under the eleventh section of the judiciary act, the circuit court has no jurisdiction of an action brought by an assignee on a bond which is filled up and declared upon as payable to order.

2. By a statute of Massachusetts (St. 1852, c. 76), bonds or obligation under seal, issued by a corporation, are made equally negotiable with promissory notes. *Held*, that in order to give jurisdiction to the circuit court of an action on such bond by an assignee, it must appear that the title being made capable of passing by delivery, did so pass from the first taker after the act went into operation.

[This was an action brought by Selden F. White against the Vermont & Massachusetts Railroad Company upon certain bonds.]

1 [Reversed in 21 How. (62 U. S.) 575.]

H. G. & H. M. Parker, for plaintiff.
Mr. Hutchins, contra.

CURTIS, Circuit Justice. This is an action of debt founded on obligations of the defendants under their corporate seal, brought by the plaintiff, a citizen of the state of New Hampshire, against a corporation, created by and having its place of business in the state of Massachusetts. It appears by the agreed statement of facts, that these instruments were originally issued to and held by citizens of Massachusetts. Under the eleventh section of the judiciary act, this court has not jurisdiction unless they were payable to bearer. They are declared upon and are now filled up as payable to order, and not to bearer. If it be admitted that the plaintiff have the option to treat them as payable either to order or bearer, upon which I give no opinion, he has elected the former. After this I cannot pronounce them payable to bearer.

There is another view of the facts, which is also decisive on the question of jurisdiction. It is agreed that these instruments were issued with the place for the name of the payee in blank, and that in point of fact they passed from hand to hand by sale and delivery. At the common law they were not negotiable, being writings obligatory under the seal of the corporation. A statute of Massachusetts, passed March 30, 1852 (St. 1852, c. 76), provides that bonds and other obligations under seal, purporting to be payable to bearer, or some person designated as bearer, or payable to order, which have been, or hereafter shall be issued by any corporation or joint stock company, are made negotiable, in the same manner and to the same extent as promissory notes were then negotiable. These bonds bear date some years before this statute was passed. It does not appear that the first taker sold and delivered them after the statute went into operation; and consequently, it does not appear their legal title was capable of passing by delivery, and did so pass from the first taker. If not, this is a suit to recover the contents of a chose in action in favor of an assignee, and within the prohibition of the eleventh section of the judiciary act. Where promises are made to bearer, and such promises, in point of law enure directly to the bearer, and he is capable of sustaining an action in his own name as the promisee, it has been held he is not an assignee, within the meaning of the eleventh section of the judiciary act. But if these bonds were issued to and transferred by the first taker before the date of the act, and were valid promises to him, they were not then legally negotiable by delivery; and if made so after they were originally issued and negotiated by the first taker, the holder would, in my opinion, be an assignee, within the meaning of that section. He would be the owner of a promise, originally made to another, and which that other alone

could enforce at law, until, by a subsequent provision of law, authority was given to such holder to negotiate the obligation, and to sue on it in his own name. For these reasons I am of opinion the suit must be dismissed for want of jurisdiction.

[This cause was carried on writ of error to the supreme court, where the above judgment was reversed. 21 How. (62 U. S.) 575.]